

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 9, 1967

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. M-71

Re:  The authority of the Texas
     Education Agency to allocate
     federal and State funds to
     hospital districts for the
     purpose of carrying out the
     State's plan for vocational
     rehabilitation in said area.

Dear Dr. Edgar:

Your request for an opinion states that the Amarillo
Hospital District, which is coextensive with the boundaries of
the City of Amarillo, created pursuant to Section 5, Article IX
of the Constitution of Texas, is interested in the possibility
of the district being designated as a local administration re-
habilitation agency under the supervision of the Texas Central
Education Agency, pursuant to the State Plan for administration
of the program of Vocational Rehabilitation in Texas.  Your re-
quest on the authority of the Amarillo Hospital District to be
designated as a local administration rehabilitation agency reads,
in part, as follows:

"For the several years past and at the
present time, the Texas Education Agency has
not provided for administration of such Pro-
gram by a political subdivision, a local rehabilita-
tion agency.  Section 4.7, State Plan, copy forwarded
herewith.  Currently, the entire Program is adminis-
tered pursuant /to/ an approved State Plan, directly
by the designated State Agency through its central
and several field offices; financed by federal and
state funds appropriated.  House Bill 12, Acts 59th
Leg., R.S., 1965, Article IV, at pages 177-181.  See
also:  Articles 2675-1, as amended; 2654-1, Sections
1, 3; and 2654-3, Sections 1 and 2.

"Only recently have the federal laws been
amended to allow for a flexibility in State ad-

- 322 -

ministration of the Program. The Federal Voca-
tional Rehabilitation Act (Public Law 83-565) as
last amended by Section 8(a) of Public Law 89-333
authorizes and/or provides, in substance and in
so far as pertinent herein, that the State Board
of Education may be designated as the sole State
agency to administer the plan, 'or to supervise
its administration in a political subdivision of
the State.'

Section 8(b) provides that amendments of (a) shall be-
come effective July 1, 1967, except that in any State
(like Texas) such amendments shall become effective
earlier on or after November 8, 1965 (the date of en-
actment of this Act) as such State has in effect an
approved plan meeting the requirements of the Voca-
tional Rehabilitation Act as amended by subsection
(a).

"The Texas Education Agency is contemplating the
alteration of its State Plan to meet the requirements
of the Vocational Rehabilitation Act as amended, there-
by to authorize and approve political subdivision(s)
of the State locally to carry out the State function;
that is, the State Agency only to supervise admini-
stration of the State approved plan by a political
subdivision, such as the Amarillo Hospital District.
Section 401.8 in the federal regulations revised to
conform to the amendments (Federal Register, Vol. 31,
No. 9, at page 501) further clarifies or reads in
part as follows:

"The State plan may provide for administration
of the program through a sole local rehabilitation
agency of a political subdivision of the State,
under the supervision of the State agency and in
compliance with Statewide standards established
by the State agency (except to the extent there
is a waiver of Statewideness, § 401.9). If the
plan provides for local administration, the local
rehabilitation agency shall be responsible for
the administration of all aspects of the program
within the political subdivision which it serves
. . . If the State plan provides for the ad-
ministration of the program by local rehabili-
tation agencies, the State plan shall set forth
the standards governing their organization and
methods of administration, and shall describe

the nature and the extent of supervision exercised by the State agency in order to assure observance in the application of State standards and the effective achievement of the objectives of the State plan throughout the State except to the extent that the requirement for statewideness is waived in accordance with § 401.9.

"Assuming this Agency adopts an amended and approved State Plan to provide for flexibility in State administration authorized in the amended Vocational Rehabilitation Act, we need and will appreciate receiving an opinion from your Office on the following three legal questions which give us concern in the matter.

"1. Does the Texas Central Education Agency have the authority to allocate or grant appropriated federal and state funds to a political subdivision of this State to carry out said State function under the Vocational Rehabilitation State Plan and supervision by the Agency?

"In the light of the authorities cited in Attorney General Opinion No. M-32, we do not believe that the allocation or grants, being for governmental purposes, could legally be regarded as violative of prohibitions set out in Section 51, Article III, Constitution of Texas. Nor do we find any provision in the law creating the Amarillo Hospital District (Art. IX, Sec. 5., Constitution) which prohibits State participation in its hospital program; as may be found in Article IX, Sections 4 and 9, Constitution of Texas.

"2. Does a political subdivision of this State (Amarillo Hospital District) have authority to spend for vocational rehabilitation program purposes local funds; and/or state and federal appropriated funds approved and allocated by this Agency pursuant to the Vocational Rehabilitation State Plan, when administered under the supervision of the Texas Education Agency?

"3. May any political subdivision of this State (city, county, hospital or school district)

legally be approved by this Agency pursuant
the State plan to administer a vocational re-
habilitation program, under the supervision
of the Texas Education Agency?"

Section 5 of Article IX, Constitution of Texas, authorizes
the creation of a hospital district coextensive with the boundaries
of the City of Amarillo and the Amarillo Hospital District was so
created pursuant to its provisions. The purpose of the District
is to provide for "hospital care for needy individuals."

Article 2675-1, Vernon's Civil Statutes, provides:

"Section 1. The Legislature of Texas does
hereby accept the provisions and benefits of an
Act of Congress passed June 2, 1920, amended
June 5, 1924, entitled: 'An Act to provide for
the promotion of Vocational Rehabilitation of
persons disabled in industry or otherwise, and
their return to civil employment.'

"Sec. 2. The Treasurer of Texas be, and
he is hereby authorized and empowered to receive
the funds appropriated under said Act of Congress,
and is authorized to make disbursements therefrom
upon the order of the State Board for Vocational
Education. The State Board of Vocational Education
is empowered and instructed to cooperate with the
terms and conditions expressed in the Act of Con-
gress aforesaid.

"Sec. 2-a. The Vocational Rehabilitation
Division, through the Supervisor of Rehabilitation,
is authorized to receive gifts and donations for
rehabilitation work, said gifts and donations to
be deposited by the Supervisor of Rehabilitation
in the State Treasury, subject to the matching of
same with Federal Funds up to such amount as the
Federal Government may allocate per biennium to
the State for said work, and which has not al-
ready been met with state appropriations for said
biennium.

"Sec. 2-b. Provided no person shall ever
receive any commission in whole or in part for
solicitation of any funds as provided in this
Act.

"Sec. 3.   The Vocational Rehabilitation
Division of the Texas Education Agency is designated
and authorized to provide for the rehabilitation
of severely physically disabled Texas citizens,
excepting those who are blind as defined by House
Bill No. 347, Regular Session, 49th Legislature,
1945, Section 1(f), and further that nothing here-
in contained would affect or repeal the present
crippled children's restoration service as authorized
by Article 4419c and administered by the Crippled
Children's Division of the State Department of
Health."

The above-quoted provisions constitute a part of the
Vocational Rehabilitation Program established by the State in
1929.   Acts 41st Leg., 1st C.S., 1929, ch. 23, p. 57.   The pur-
pose of the Program is to vocationally train disabled individuals
so that they may return to civil employment, and the program is
administered by the Texas Education Agency.   Attorney General's
Opinions O-6464 (1945); O-6933 (1945); O-5666 (1943); WW-1229
(1962).

Article 2675k, Vernon's Civil Statutes, is a lengthy
Act providing for the creation of Rehabilitation Districts.   Sec-
tion 2 of Article 2675k provides:

"Rehabilitation Districts may be created
to provide education, training, special services,
and guidance to handicapped persons peculiar to
their condition and needs, to develop their full
capacity for usefulness to themselves and society,
and to prevent them from becoming or remaining, in
whole or in part, dependent on public or private
charity."

In view of the foregoing provisions, it is our opinion
that the Vocational Rehabilitation Program of the State of Texas
is an integral part of the State's overall educational program.
Under Article 2675-1, the Vocational Rehabilitation Division is
authorized to accept the provisions and the benefits of the Federal
Government in regard to Vocational Rehabilitation and is authorized
to disburse all such funds received for such purpose.   Under Article
2675k, a Vocational Rehabilitation Program of the State is administered
locally through Rehabilitation Districts, created for such purpose,
and constitutes a comprehensive act authorizing the creation of
Vocational Rehabilitation Districts for the specific purpose of
providing education, training, special services and guidance to
handicapped persons peculiar to their conditions and needs.

On the other hand, hospital districts are created for the purpose of providing "medical and hospital care to the needy inhabitants." Chapter 5, Title 71, Revised Civil Statutes of Texas, 1925, as amended. Such hospital districts' power to enter into contracts with agencies of the State of Texas is for the purpose of "performing its duty to provide medical and hospital care to needy inhabitants." Section 5 of Article IX providing for the creation of the Amarillo Hospital District specifically states:

"The district shall not have the power to levy any tax for maintenance or operation of the hospital or facilities, but shall contract with other political subdivisions of the state or private individuals, associations, or corporations for such purposes." (Emphasis added).

Thus, the power of the hospital district to contract is limited for the purpose of providing for maintenance and operation of the hospital or facilities. The Amarillo Hospital District does not have the power, by virtue of the provisions of Section 5 of Article IX of the Constitution of Texas to educate and provide the necessary educational training contemplated by the Vocational Rehabilitation Program to enable handicapped persons to gain the necessary training to enable such individuals to work in our general society. Of course, the Vocational Rehabilitation Division of the Texas Education Agency has the power to contract with the Amarillo Hospital District to provide medical and hospital care incident to the Vocational Rehabilitation Act but the Hospital District does not have the authority to administer the entire Vocational Rehabilitation Program in that area. Furthermore, as above noted, Article 2675k authorizes the creation of local Vocational Rehabilitation Districts designed specifically for the purpose of carrying out the Vocational Rehabilitation Program of the State and Federal Governments. While it may be contended that since the Legislature has created a specific agency for the purpose of administering the Vocational Rehabilitation Program locally that no other local subdivision is authorized to perform duties for which local Vocational Rehabilitation Districts are created, we find no provisions in Article 2675k which prohibit school districts from administering the program locally as a part of their educational program.

Your questions are therefore answered as follows:

(1) The Texas Central Education Agency has the authority to allocate or grant appropriate federal and state funds to a political subdivision of the State to carry out the State plan for Vocational Rehabilitation provided such political subdivision has the authority

to "educate and provide necessary vocational training contemplated by the Program to enable handicapped persons to gain the necessary training to enable such individuals to work in our society." As above noted, Vocational Rehabilitation Districts created pursuant to the provisions of Article 2675k, Vernon's Civil Statutes, have such power. Amarillo Hospital Districts created under the provisions of Section 5 of Article IX, Constitution of Texas, does not have such comprehensive power but does have the power to provide medical and hospital care to such individuals.

(2) The Amarillo Hospital District has the authority to spend for medical and hospital care, funds allocated under the Vocational Rehabilitation Program, but does not have the power to expend such funds for the comprehensive purpose to educate and provide necessary vocational training contemplated by the Vocational Rehabilitation Program to enable handicapped persons to gain the necessary training to enable such individuals to work in our general society.

(3) School districts of the State may legally be approved by the Texas Education Agency to administer a Vocational Rehabilitation Program as a part of their educational program. However, we know of no provisions which would authorize political subdivisions other than Vocational Rehabilitation Districts or school districts to carry out this program.

## S U M M A R Y

The Texas Central Education Agency has the authority to allocate or grant appropriate federal and state funds to a political subdivision of the State to carry out the State plan for Vocational Rehabilitation provided such political subdivision has the authority to "educate and provide necessary vocational training contemplated by the Program to enable handicapped persons to gain the necessary training to enable such individuals to work in our society." As above noted, Vocational Rehabilitation Districts created pursuant to the provisions of Article 2675k, Vernon's Civil Statutes, has such power. Amarillo Hospital Districts created under the provisions of Section 5 of Article IX, Constitution of Texas, does not have such comprehensive power but does have the power to provide medical and hospital care to such individuals.

The Amarillo Hospital District has the authority to spend for medical and hospital care funds allocated under the Vocational Rehabilitation Program,

but does not have the power to expend such funds for the comprehensive purpose to educate and provide necessary vocational training contemplated by the Vocational Rehabilitation Program to enable handicapped persons to gain the necessary training to enable such individuals to work in our general society.

Vocational Rehabilitation Districts or school districts may legally be approved by the Texas Education Agency to administer a Vocational Rehabilitation Program.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Houghton Brownlee
John Grace
Malcolm Quick
W. O. Shultz

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.